UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------x
                                          :
                                          :
WALTER FREY,                              :
                    Plaintiff,            :
                                          :          12 Civ. 2074
                    v.                    :
                                          :            OPINION
CITY OF NEW YORK, et al.,                 :
                                          :
                    Defendants.           :
                                          :
------------------------------------------x
```

Walter Frey, a retired Sergeant of the New York City Police Department, brings this action in connection with his alleged detention at a treatment center operated by defendant Mirmont Treatment Center.

On December 2, 2010, while Sgt. Frey was on active duty with the NYPD, he was ordered to enter treatment at Mirmont for alleged alcohol abuse. The City of New York contracted with Mirmont for regular treatment of NYPD officers. Sgt. Frey complied and entered a treatment program that was to last until December 31, 2010. However, on December 15, 2010, thirteen days later – but 16 days before his treatment was to end – Sgt. Frey became eligible to retire thanks to his 20 years' service with the NYPD.

Therefore, on December 15, 2010, Sgt. Frey informed Mirmont staff members that his service with the NYPD was complete and that he wished to leave treatment to begin his retirement.  However, he was informed that, per the instructions of Police Commissioner Raymond Kelly, he was not permitted to leave treatment until December 31, and that if he left treatment before then he would not be able to retire.

In connection with these events, Sgt. Frey alleges that certain defendants (he does not say which) made various statements indicating that Sgt. Frey abused alcohol and that he required treatment at Mirmont for his alcohol abuse.

Accordingly, Sgt. Frey brings eleven claims against the city, Commissioner Kelly, Mirmont, and various unknown Mirmont and city officials.

Six of these claims stem from the alleged violation of his Fourth Amendment right to be free from false imprisonment (incorporated against the states by the Fourteenth Amendment) under 42 U.S.C. § 1983 and, in one case, under 42 U.S.C. § 1985.  These include counts II, III, and V which, respectively, allege the violation of his right to be free from unlawful search and seizure, false imprisonment, and Fourth and Fourteenth amendment violations.[1]  However, as plaintiff acknowledges in his opposition to the instant

---

[1] Sgt. Frey's complaint styles count V as "First and Fourteenth Amendment Violations." However, because Sgt. Frey alleged Fourth and Fourteenth Amendment violations throughout the rest of his complaint, and because he alleges no facts or legal theories implicating the First Amendment, the court regards the word "First" in this instance as a typographical error.  It

motion, each of these claims asserts the same legal theory. Thus the court considers them as a single claim of false imprisonment. Related to this claim, Sgt. Frey alleges conspiracy, supervisory liability and failure to intercede by unknown city employees, and conspiracy to interfere with civil rights.

Sgt. Frey also brings state law claims of intentional or negligent infliction of emotional distress, negligence, gross negligence, false imprisonment, libel, slander, and *prima facie* tort in connection with the alleged disclosure of information about his treatment.

Sgt. Frey initially brought this action in the Supreme Court of the State of New York after filing a notice of claim on either March 30 or 31, 2011. It was subsequently removed to this court on March 21, 2012. Mirmont and the city filed the instant motions to dismiss the complaint on May 25 and 29, 2012 respectively.

Because the threat of ineligibility for retirement is not, as a matter of law, sufficient to make out a claim of unlawful imprisonment, Sgt. Frey's constitutional claims as well as his state law unlawful imprisonment claim are dismissed. And because Sgt. Frey does not adequately plead the elements of any state law cause of action, these claims are dismissed as well.

---

seems clear that Sgt. Frey intended to write "Fourth." However, to the extent that Sgt. Frey intended to bring a First Amendment claim, it is dismissed.

**Discussion**

PLEADING STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, (2009).  In deciding such a motion, a court must accept as true the facts alleged in the complaint, but it should not assume the truth of its legal conclusions.  Iqbal, 556 U.S. at 678-79.  A court must also draw all reasonable inferences in the plaintiff's favor, and it may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit.  ATSI Commc'ns, Inc. v. Shaar Fund. Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

While it remains true even after Twombly that a plaintiff need not prove his case in his complaint, a plaintiff must still at least allege facts that, if true, would give him a right to relief.  This was necessary to ensure that defendants have notice of the basis of the claims against them, and to screen out frivolous claims.  See Conley v. Gibson, 355 U.S. 41, 47-48 (1957); Van Alstyne v. Ackerley Group, Inc., 8 F. App'x 147, 154-55 (2d Cir. 2001).  But this responsibility also stems from the more fundamental requirement that a party seeking the court's aid must, at a minimum, believe that he has a right to it. Therefore, a party seeking the court's aid must at least be willing to represent

-4-

that he believes the necessary factual bases of his claim to be true.  <u>See</u> <u>generally</u> Fed. R. Civ. P. 11.

A generalized suggestion that the plaintiff hopes to find evidence to provide the basis of a cause of action is not acceptable. <u>See</u> <u>S. Cherry St., LLC v. Hennessee Grp. LLC</u>, 573 F.3d 98, 113-14 (2d Cir. 2009).  If a plaintiff genuinely believes the factual bases of his cause of action to be true, but cannot prove them without the aid of discovery, then he may allege them in his complaint upon information and belief.  <u>See</u> <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 214-16 (2d Cir. 2008).  But, if not, he may not maintain a suit.  <u>See</u> <u>generally</u> Fed. R. Civ. P. 11, 12.

## I. <u>Sgt. Frey has not Pleaded False Imprisonment</u>

Sgt. Frey's allegation that he was unlawfully imprisoned, by the threat of termination or ineligibility for retirement, is inadequate to support a claim of unlawful imprisonment.

To adequately plead a claim of false imprisonment, a plaintiff must allege that he was confined, that the defendant intended to confine him, that the plaintiff was aware of his confinement, that the plaintiff did not consent to the confinement, and that the defendants' actions were not otherwise privileged. <u>Curry v. City of Syracuse</u>, 316 F.3d 324, 335 (2d Cir. 2003).  In order to have been legally confined, the plaintiff must show that a reasonable person would

not have felt free to leave under the totality of the circumstances.  See United States v. Mendenhall, 446 U.S. 544, 554-55 (1980).  The elements of a claim for false imprisonment under state law are essentially the same as those of the federal constitutional claim of the same name.  See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

It is well established that confinement under threat can give rise to a claim of false imprisonment.  See, e.g., Samirah v. Sabhnani, 772 F. Supp. 2d 437, 451 (E.D.N.Y. 2011); Pearson v. Pearson, 212 N.Y.S.2d 281 (Sup. Ct. 1961).  However, for the purpose of a claim for false imprisonment, not all threats carry the same weight.  The threat of violence, on the one hand, clearly suffices.  However, on the other hand, the threat of termination from one's employment and the threat of peaceful arrest do not.  See Davis v. City of New York, 06 CV 3323, 2007 WL 2973695 (E.D.N.Y. Sept. 28, 2007); Blumenfeld v. Harris, 159 N.Y.S.2d 561, 562 aff'd, 3 N.Y.2d 905 (1957).  In fact, a series of cases have dealt with the NYPD policy at issue here, holding that NYPD's policy of mandating inpatient treatment for alcohol abuse on pain of termination does not constitute false imprisonment.  Davis v. City of New York, 06 CV 3323, 2007 WL 2973695 (E.D.N.Y. Sept. 28, 2007); McNamara v. City of New York, 05 CV 6026, 2007 WL 1062564 (E.D.N.Y. Mar. 30, 2007); MacShane v. City of New York, 05 CV 6021, 2007 WL 1062936 (E.D.N.Y. Mar. 30, 2007).  Therefore,

Sgt. Frey's alleged transfer to Mirmont under threat of termination does not constitute false imprisonment as a matter of law.

But Sgt. Frey also presents a second theory.  Even if it was lawful to threaten him with termination, he argues, it was not lawful to threaten him with ineligibility for retirement once his employment ended on December 15, 2010.

While Sgt. Frey is correct that this presents a somewhat different legal situation, the same outcome is appropriate.  It is true that <u>Davis</u>, <u>McNamera</u>, and <u>MacShane</u> were explained in terms of an employee's continued freedom to resign his position, and thus free himself from the terms imposed by his employer.  But the true rationale of these cases is not just that false imprisonment under threat of termination is impossible because an employee can always quit.  This would be to say that unlawful imprisonment is impossible so long as one remains able to escape the external threat of harm by inflicting the harm on oneself.  Rather, a more sensitive reading of <u>Davis</u>, <u>McNamera</u>, and <u>MacShane</u> alongside other New York false imprisonment cases reveals a more compelling explanation.  Confinement by threat is only actionable if it is achieved by threats of violence, or other lawless conduct. Threats of peaceful legal action, or the imposition of other peaceful consequences for noncompliance, do not support a claim of false imprisonment.

The cancellation or delay of one's retirement falls clearly within the realm of "peaceful consequences."  Thus, such a threat, as a matter of law, cannot form the basis of a claim of false imprisonment.

Sgt. Frey's false imprisonment claim, and its dependant § 1983 and § 1985 claims are therefore dismissed.


NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To plead a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant engaged in: (1) extreme and outrageous conduct; (2) with the intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) that he in fact suffered severe emotional distress; and (4) a causal connection between the outrageous conduct and his injury.  Jones v. Trump, 971 F. Supp. 783, 787 (S.D.N.Y. 1997) aff'd, 97-9017, 1998 WL 1967891 (2d Cir. Sept. 21, 2008).  To satisfy the first requirement, that of outrageousness, the defendant's conduct must lack any reasonable justification and be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 122 (1993).  See also Martin v. Citibank, N.A., 762 F.2d 212, 220 (2d Cir.1985).

Sgt. Frey's allegations fall far short of this standard.  Not only was defendants' conduct far from "atrocious, and utterly intolerable in a civilized community," it was done with a reasonable explanation: Mirmont was simply relaying its view of the consequences of Sgt. Frey's leaving treatment before December 31.  Moreover, the city is in any event not susceptible of being sued for intentional infliction of emotional distress.  See Lauer v. City of New York, 659 N.Y.S.2d 57, 57 (1997) (collecting cases).

Sgt. Frey also asserts a variety of claims sounding in negligence but makes no effort to allege what duties defendants owed him, much less plead the specific acts that were taken in breach of these unspecified duties.

Therefore, Sgt. Frey's claims for negligent or intentional infliction of emotional distress, negligence, and gross negligence are dismissed.


PRIMA FACIE TORT

To bring a claim under a *prima facie* tort theory, New York law requires that a plaintiff allege that the defendant's conduct was motivated solely by a malicious desire to cause him harm.  Burns Jackson Miller Summit & Spitzer v. Lindner, 59 N.Y.2d 314, 333 (1983)

Here, Sgt. Frey has alleged no such thing.  Therefore, his *prima facie* tort claim is dismissed.

<u>LIBEL AND SLANDER</u>

Under New York law, a claim for defamation (which encompasses both libel and slander) must allege a false statement of fact about the plaintiff, which was published to a third party without authorization or privilege, through fault amounting to at least negligence, and causing defamation *per se* or a special harm.  <u>D'Annunzio v. Ayken, Inc.</u>, 11 CV 3303, 2012 WL 2906248 (E.D.N.Y. July 17, 2012).  While a plaintiff need not necessarily plead the exact words uttered, he must provide some description and context for them.  This typically includes the identity of the speaker, when they were spoken or published, and to whom the statement was made or, in any event, sufficient detail to allow defendants to identify the exact statements upon which the claim rests.  <u>Id.</u>

The instant case illustrates why this is necessary: the complaint alleges only that defendants "published false statements, in writing and verbally, stating that Plaintiff 'abused alcohol' and 'required treatment at Mirmont to address alcoholism.'"  It does not identify which defendants are alleged to have made these statements or when, why, or to whom they were said.  Depending on who made the statements, and in what context, the city may be entitled to defend itself on the ground that that the communication was privileged.  And, indeed, the city has mounted just such a defense in its opening brief.  However, it is impossible for the court to evaluate the city's argument, or Sgt. Frey's

argument in opposition, because Sgt. Frey has provided no allegations describing the contexts in which the statements were made.

Therefore, Sgt. Frey's claims of slander and libel are also dismissed.

## Conclusion

Defendants' motions to dismiss are granted and Sgt. Frey's is complaint dismissed.


So ordered.

Dated:  New York, New York
        February 27, 2013

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 27 2013

-11-